UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------
IN RE:                                    )    CASE NO. 10-21973 (ASD)
                                          )
THE KASDEN FUEL COMPANY,                  )    CHAPTER   11
                                          )
            DEBTOR.                       )    RE: ECF NO. 427
---------------------------------------------------

**BRIEF MEMORANDUM AND ORDER DENYING APPLICATION OF THE CHAPTER 11 TRUSTEE TO APPROVE THE EMPLOYMENT OF FUSS & O'NEILL, INC. AS ENVIRONMENTAL CONSULTANTS PURSUANT TO SECTION 363(b) OF THE BANKRUPTCY CODE
BUT
PERMITTING THE TRUSTEE TO HIRE FUSS AND O'NEILL IN THE ORDINARY COURSE OF BUSINESS PURSUANT TO SECTION 1108**

The Application of the Chapter 11 Trustee to *Approve the Employment of Fuss & O'Neill, Inc. as Environmental Consultants Pursuant to Section 363(b) of the Bankruptcy Code* (hereafter, the "Application"), ECF No. 427, came before the Court for a duly noticed hearing on May 20, 2011 (hereafter, the "Hearing").[1] Through the Application the Trustee seeks *pursuant to 11 U.S.C. §363(b)* to retain Fuss and O'Neill as an environmental consultant to "review various records, inspect [certain Property] and perform certain testing to report to the Trustee what, if any, environmental issues may exist on the Property", Application, ¶ 7, and to assist the Trustee in his efforts "in marketing the Debtor's business for sale as a going concern", *id*. at ¶ 4.

Initially, the Court notes it is the Trustee's position that for purposes of the engagement contemplated by the Application Fuss & O'Neill is not a "professional person"

---

[1] Prior to the Hearing the United States Trustee filed a Statement of "No Objection" ECF. No. 430. Barry S. Feigenbaum, Esq., counsel for HMZ Energy LLC, appeared at the Hearing in support of the Trustee's retention of Fuss & O'Neill. No written objections to the Application were filed, and no party appeared at the Hearing to object thereto.

as that term is used in §327(a), Application ¶12. The Court further notes the Trustee's position and belief that Fuss and O'Neill is qualified to serve as an environmental consultant, that Fuss & O'Neill's employment is in the best interest of the estate, and that it is "imperative that the sale process be concluded as quickly as possible", Application ¶ 6, and that Fuss and O'Neill's retention would serve that purpose, all such beliefs appearing to have support in the record of this case.[2] Moreover, the Trustee believes that pursuant to § 1108 he could and may retain Fuss & O'Neill for the services to be performed as set forth in the Application and the Agreement attached as Exhibit A to the Application.[3] Nevertheless, prior to the Hearing, the Trustee declined to exercise his discretion under §1108, but, rather, determined to request the Court to approve Fuss and O'Neill's employment through a "comfort order" pursuant to §363(b).

Under the circumstances before the Court neither a "comfort order" nor Bankruptcy Code Section 363(b) present the appropriate legal basis for the retention or engagement, or request for approval of a retention or engagement, of an employee or entity for the services to be performed as set forth in the Application and the Agreement attached as Exhibit A to the Application. Accordingly, insofar as the Trustee seeks to employ Fuss and O'Neill pursuant to an "comfort order" or under §363(b) the Application must be denied.

Following the Court's Hearing record announcement of its intention to deny the

---

[2]"The Trustee also believes in the exercise of his business judgment that [environmental] testing is prudent not only to satisfy the condition in the Asset Purchase Agreement but also to permit him to respond to similar inquires by other potential bidders." Application ¶ 10.

[3]At the Hearing counsel for HMZ Energy LLC, in addition to supporting the engagement of Fuss and O'Neill, also believed retention of Fuss and O"Neill could be accomplished by the Trustee in the ordinary course of business without Court approval pursuant to §1108.

Application, counsel for the Trustee indicated the Trustee would exercise his discretion to employ Fuss and O'Neill in the ordinary course of business.[4]  As noted by the Court on the Hearing record, the proposed engagement of Fuss and O'Neill appears necessary, and §1108 presents a sound basis for the Trustee's exercise of his judgment in this regard. In accordance with the above,

    **IT IS HEREBY ORDERED** that the Application is **DENIED**, but the Trustee may in the ordinary course of the Debtor's business hire Fuss and O'Neill as an environmental consultant as particularized in Exhibit A attached to the Application.

Dated: May 20, 2011                                                                        BY THE COURT

                                                                                     Albert S. Dabrowski
                                                                     United States Bankruptcy Judge

---

[4]The Trustee in this case is authorized to "operate the debtor's business," *see* §1108, and "if the business of the debtor is authorized to be operated under section . . . 1108 . . . the trustee . . . may use property of the estate in the ordinary course of business without notice and a hearing.". Section 363(c)(1).